IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ROSENDO RODRIGUEZ JR., | No. CV 08-686-PHX-ROS (BPV) |
| Petitioner, | |
| vs. | **REPORT AND RECOMMENDATION** |
| CHARLES L. RYAN, et al., | |
| Respondents. | |

On April 8, 2008, Petitioner, Rosendo Rodriguez, Jr., an inmate confined in the Arizona State Prison, Lewis Unit, in Buckeye, Arizona, Florence, filed a *pro se* Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to Title 28, U.S.C. § 2254. (Doc. No. 1.)[1] The District Court dismissed Grounds 3, 7 (in part), and 8, for failure to state a cognizable claim, and called for an answer to the remaining grounds in the Petition. (Doc. No. 3.) On August 1, 2008, Respondents filed an Answer with Exhibits A through TT attached. (Doc. No. 9.) A Reply was filed by Petitioner on September 30, 2008. (Doc. No. 13.)

Pursuant to the Rules of Practice of this Court, this matter was referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation.

For the reasons discussed below, the Magistrate Judge recommends that the District Court enter an order DISMISSING the Petition in its entirety.

---

[1] "Doc. No." refers to documents in this Court's file.

# I. FACTUAL AND PROCEDURAL BACKGROUND

## A. Indictment, Trial and Sentencing

On July 2, 1996, Rosendo Rodriguez Jr. was indicted by the Grand Jurors of Maricopa County for first degree murder (counts 1 through 3), aggravated assault (counts 4 through 8), and reckless endangerment (counts 9 and 10). (Answer, Ex. A.) The State filed a notice of intention to seek the death penalty, an allegation of three historical priors, and an allegation of dangerous nature of the offense for counts 1 through 3. (Answer, Ex. C.) The trial court directed verdicts on the first degree murder charges for lack of premeditation, reducing the charges to second-degree murder,[2] and dismissed count 8. (Answer, Ex. F at 6.) A jury found Petitioner guilty of all 9 remaining counts, and, on April 28, 2000, the trial court sentenced Petitioner to a combination of consecutive and concurrent aggravated sentences that totaled 78 years' imprisonment. (Answer, Ex. D, F.) A motion for a new trial was denied by the trial court. (Answer, Ex. Q, Reporters Transcript ("R.T.") 10/15/99 at 19.)

## B. Appeal

Rodriguez, through counsel, filed an appeal raising two arguments: 1) a new trial was required because Petitioner was forced to use a peremptory strike on a biased juror who the court refused to strike for cause; and 2) there was insufficient evidence to support counts 9 and 10 of the indictment. (Answer, Ex. G.) On May 10, 2001, the Arizona Court of Appeals affirmed Rodriguez's conviction and sentence in an unpublished memorandum decision. (Answer, Ex. H.)

---

[2] This uncontested factual assertion is alleged in the Answer, but not found in the supporting exhibits.

Rodriguez filed a petition for review. (Answer, Ex. I.) On November 21, 2001[3], the Arizona Supreme Court denied review. (Answer, Ex. J.) The mandate issued on December 12, 2001. (Answer, Ex. K.)

### C. First Petition for Post-Conviction Relief

On January 18, 2002[4], Rodriguez filed a notice of post-conviction relief. (Answer, Ex. K.) On February 27, 2002, the trial court appointed counsel to represent Petitioner, and set a briefing schedule for the Rule 32 petition. (Answer, Ex. L.) After Petitioner's first two appointed counsel were withdrawn due to conflicts, the trial court appointed attorney Stephen Johnson to represent Petitioner, and set a July 12, 2002 deadline for filing the Rule 32 petition. (Answer, Ex. L.) On June 3, 2002, Petitioner sent a letter to the Clerk of Court requesting contact information for Johnson. (Answer, Ex. M.) On June 17, 2002, Petitioner sent a letter to the trial court, requesting Johnson's contact information. (*Id.*) The trial court responded on June 26, 2002, by providing Petitioner with Johnson's contact information. (*Id.*) The trial ordered counsel to file a petition by August 20, 2002, or appear before the court to show cause why he should not be held in contempt for failure to file a petition on behalf of the Petitioner. (Answer, Ex. O.)

Counsel filed a petition on August 29, 2002, arguing that Petitioner was eligible for relief because of abuse of discretion by the trial judge in not awarding

---

[3]Respondents employ the date on which the Arizona Supreme Court dated the document announcing its decision and hence making it a public record, not the earlier date on which the court made its decision. (Answer, n.1) This Court will rely on the same date.

[4]Respondents correctly employ the prison-mailbox rule to calculate the filing date of Petitioner's *pro se* pleadings based on the date that Petitioner signed and delivered the documents to prison authorities for mailing, not the subsequent date that a court accepted the pleadings as filed. *See State v. Rosario*, 195 Ariz. 264, 266 (App. 1999).

Petitioner's motion for new trial or evidentiary hearing on motion for new trial in light of substantial evidence previously presented to the trial court. (Answer, Ex. P.) The petition itself consisted of little argument and relied almost entirely on the incorporation of the previously filed motions for new trial. (*Id.*) Petitioner continued to file motions with the trial court indicating that he had not been in contact with Johnson. (Answer, Ex. R, T, U.) It is apparent from these filings that Petitioner was unaware that a petition for post-conviction relief had been filed by counsel. (*Id.*) On January 31, 2003, the trial court dismissed the post-conviction petition on the ground that "[t]he arguments and claims raised by the defendant through counsel concerning post-verdict proceedings are precluded now as not raised in defendant's direct appeal." (Answer, Ex. V.) On February 20, 2003, Rodriguez filed a complaint against Johnson with the State Bar of Arizona. (Answer, Ex. QQ.) On May 27, 2004, Johnson was suspended from the practice of law for a period of six months and one day based on the knowing fabrication of a document for submission with his response to the bar complaint. (*Id.*)

        D.      <u>Second Petition for Post-Conviction Relief</u>

On October 18, 2004, Petitioner, through counsel, filed a second petition for post-conviction relief raising claims of ineffective assistance of trial counsel. (Answer, Ex. W.) After the trial court accepted the successive petition, which the trial court found set forth sufficient information concerning a claim of actual innocence pursuant to Ariz.R.Crim.P. 32.1(h) to allow it to proceed (Answer, Ex. X), Petitioner filed a supplement to the petition raising the additional claims of prosecutorial misconduct, sentencing error under *Blakely v. Washington*, 542 U.S. 296 (2004), and ineffective assistance of counsel. (Answer, Ex. Y.) The trial court accepted the filing. (*Id.*) On April 6, 2005, the trial court dismissed the second petition, finding that 1) the claims of ineffective assistance of counsel precluded as not raised in the first petition; 2) the *Blakely* claim not well taken as *Blakely* had no

retroactive application to Petitioner's case; and 3) his argument regarding actual innocence not related to the presence of new evidence not presented to and heard by the jury other than some impeachment evidence, and thus failed under Rule 32.1(h), which requires an affirmative, express claim of evidence that shows actual innocence by clear and convincing evidence. (Answer, Ex. BB.) Rodriguez filed a petition for review on May 6, 2005. (Answer, Ex. CC.) The petition for review was denied by the appellate court on March 2, 2006. (Answer, Ex. EE.) Rodriguez petitioned the Arizona Supreme Court for review, and, on July 20, 2006, the petition was denied. (Ex. HH.)

### E. Third Petition for Post-Conviction Relief

On October 12, 2006, Petitioner filed, *pro se*, a third notice of post-conviction relief. (Answer, Ex. II.) The trial court noted that the notice was untimely, and while Petitioner had checked the box claiming he is actually innocent, his claim was based on alleged ineffectiveness of his first Rule 32 attorney. (Answer, Ex. JJ.) Moreover, the trial court found that Petitioner had already been allowed to pursue his claim of actual innocence in his second Rule 32 proceeding. (*Id.*) The trial court ordered the petition dismissed. (*Id.*) Petitioner moved for reconsideration of the dismissal as untimely. (Answer, Ex. KK.) Rodriguez filed a motion to exceed page count, a motion for reconsideration, and a supplement to the motion for reconsideration on March 12, 2007. (Answer, Ex. MM.) The trial court denied the motion for reconsideration on April 4, 2007. (Answer, Ex. NN.)

Petitioner filed a petition for review on May 30, 2007. (Answer, Ex. OO.) . (Answer, Ex. EE.) On June 6, 2007, the appellate court denied the petition as untimely. (Answer, Ex. PP.)

### F. Federal Habeas Petition

Rodriguez filed this petition for writ of habeas corpus in District Court on April 8, 2008. (Doc. No. 1.) Petitioner raises Petitioner raises 18 grounds for relief.

In Ground 1, he alleges that the trial court erred by failing to dismiss a juror for cause. In Ground 2, he alleges that his endangerment convictions are supported by insufficient evidence. In Grounds 3, 7 (in part) and 8, he alleges ineffective assistance of post-conviction counsel. In Grounds 4, 7 (in part), and 9-16, he alleges that he received ineffective assistance of trial and/or appellate counsel. In Grounds 5, 17 and 18, he alleges the prosecutor engaged in misconduct. In Ground 6, Petitioner alleges the trial court violated his right to a jury trial by aggravating his sentence based upon facts not found by the jury; made statements that conveyed the court's view that he was guilty of second degree murder in violation of Petitioner's right to the presumption of innocence; and imposed a sentence that exceeded the statutory maximum. The Court previously dismissed Grounds 3, 7 (in part), and 8, for failure to state a cognizable claim. (Doc. No. 3.)

**II.    DISCUSSION**

    A.    Standard of Review

Because Rodriguez filed his petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d) ("AEDPA").

    B.    Timeliness

A one year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. 28 U.S.C. § 2244(d)(1).

The running of this one-year statute of limitations on habeas petitions for state convictions is tolled during any period when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" in any state court. *See* 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations is tolled during the pendency of a state court action for post-conviction relief. 28 U.S.C. § 2244(d)(2).

An application contemplated by section 2244(d)(2) is properly filed "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett,* 531 U.S. 4, 8 (2000) (footnote omitted). The United States Supreme Court has held that untimely state post-conviction petitions are not "properly filed" under AEDPA, and do not toll AEDPA's statute of limitations. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).

The Ninth Circuit recognizes that the AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Calderon v. United States Dist. Ct. (Beeler)*, 128 F.3d 1283, 1288 (9th Cir. 1997), *overruled, in part, on other grounds by*, *Calderon v. United States Dist. Ct. (Kelly)* 163 F.3d 530, 540 (9th Cir. 1998). Tolling is appropriate when "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id.*; *see also, Miranda v. Castro,* 292 F.3d 1063, 1067 (9th Cir. 2002)(stating that "the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.") (citations omitted); *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir.1999). The extraordinary circumstances requirement is a "high hurdle," *see Calderon (Beeler)*, 128 F.3d at 1289, and policy considerations counsel against equitable tolling. *Mohasco Corp. v. Silver*, 447 U.S. 807 (1980). A petitioner seeking equitable tolling must establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Petitioner must also establish a "causal

connection" between the extraordinary circumstance and his failure to file a timely petition. *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007).

This Court rejects Respondents argument that equitable tolling of the Congressionally mandated limitations period cannot survive in the face of *Bowles v. Russell*, 551 U.S. 2360 (2007). Respondents argue that the United States Supreme Court opinion in *Bowles*, established that the AEDPA limitations period is jurisdictional, and therefore equitable tolling does not apply. This Court disagrees. Prior to *Bowles*, the Supreme Court assumed, without deciding, that equitable tolling is available under 28 U.S.C. § 2244(d). *See Lawrence v. Florida*, ___ U.S. ___, 127 S.Ct. 1079, 1085 (2007). The Ninth Circuit continues to apply equitable tolling to the AEDPA's statute of limitations post-*Bowles*. *Harris v. Carter*, 515 F.3d 1051, 1054, n.3 (9th Cir. 2008). Accordingly, this Court rejects Respondents arguments and finds that Petitioner is entitled to equitable tolling.

    C.    <u>Analysis</u>

The Magistrate Judge finds that, pursuant to the AEDPA, the Petition filed in this Court is untimely. Rodriguez had until one year after his conviction and sentence became final to file his federal petition.

    *1.    Limitation Period Under § 2244(d)(1)(A)*

Petitioner's conviction and sentence became final on February 19, 2003, ninety (90) days after his direct appeal was denied by the Arizona Supreme Court on November 21, 2002, when the time for filing a petition for a writ of certiorari from the United States Supreme Court expired. *See* 28 U.S.C. § 2244(d)(1)(A); *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001)(Judgment becomes final either by the conclusion of direct review by the highest court, including the United States Supreme Court, or by the expiration of the time to seek such review.). Accordingly, Petitioner was required to file his petition for writ of habeas corpus within 1 year of the date his convictions became final, *i.e.*, one year from April 4, 2004, absent statutory tolling.

### 2. *Statutory Tolling*

#### a. First Petition For Post-Conviction Relief

The limitations period was tolled immediately, however, by the pendency of Petitioner's petition for post conviction relief. *See* 28 U.S.C. § 2244(d)(2). There was no gap between the conclusion of direct review, and Rodriguez's properly filed notice of petition for post-conviction review. *See Isley v. Arizona Dept. of Corrections*, 383 F.3d 1054 (9th Cir. 2004)(State petition is "pending" within the meaning of 28 U.S.C. § 2244(d)(2) when properly filed notice of post-conviction relief is filed.). Thus, the issue is not when direct review became final under § 2244(d)(1)(A), rather, this Court must determine how long Rodriguez's petition for post-conviction relief was "pending" for purposes of tolling the limitations period pursuant to § 2244(d)(2).

Statutory tolling continued through the conclusion of the first post-conviction proceeding that concluded on January 31, 2003, the date the trial court denied post-conviction relief. Petitioner did not file his federal habeas until more than five years later.

#### b. Second And Third Petitions for Post-Conviction Relief

Petitioner did not file his second petition for post-conviction relief until the tolling period had expired. The second petition was filed 616 days after the trial court denied post-conviction relief. The filing of the second petition or subsequent pleadings could not revive the statute of limitations because it had already lapsed. *Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003).

Neither did the third petition restart the limitations period. *See id.* Additionally, the third petition was untimely, rendering it not "properly filed" for tolling purposes under § 2244(d)(2). Untimely pleadings summarily dismissed by the state courts are not "properly filed" and do not result in statutory tolling of the 1-year statute of limitations. *See Pace*, 544 U.S. at 417 (holding that "[b]ecause the state

court rejected petitioner's PCR petition as untimely, it was not 'properly filed,' and he was not entitled to statutory tolling under § 2244(d)(2)").

    c.  State-Bar Proceeding

Petitioner filed a bar complaint against his post-conviction counsel on February 20, 2003, alleging that counsel failed to adequately communicate with him during the representation and that counsel was not diligent in the representation. (Answer, Ex. QQ.) Counsel responded to the bar complaint by submitting a falsified letter that he purportedly sent to Petitioner. (*Id.*) Following the recommendation of the Disciplinary Commission, the bar proceeding concluded on May 27, 2004, when the Arizona Supreme Court suspended counsel for 6 months and 1 day. (*Id*; Ex. RR.) Because review of a bar complaint is not a judiciary review of the pertinent judgment or claim at issue in this case, it does not toll the limitations period. 28 U.S.C. § 2244(d)(1); *Cf. Malcom v. Payne*, 281 F.3d 951, 957-62 (9th Cir. 2002)(holding that a petition for clemency under Washington state law is not an application for "state post-conviction or other collateral review'); *Rodriguez v. Spencer*, 412 F.3d 29, 36 (1st Cir. 2005)(explaining that a *pro se* motion to revive an appeal or appoint counsel for state post-conviction relief does not toll the statue).

Petitioner was required to file his petition for writ of habeas corpus within the 1-year period of limitations, excluding time where the statute of limitations was properly tolled. See 28 U.S.C. § 2244(d)(1)(A) & (d)(2). Petitioner did not file his federal petition for writ of habeas corpus within the 1-year statute of limitations. Unless there is a basis for equitably tolling the limitations period, Petitioner's habeas petition, filed on April 7, 2008, is untimely. This Court must recommend denial of Petitioner's petition for writ of habeas corpus as untimely filed.

   *3.*  *Equitable tolling*

"A *pro se* petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Raspberry v. Garcia*, 448

F.3d 1150, 1154 (9th Cir. 2006). Petitioner asserts, in response to Respondents' contention that his Petition is untimely, that his "failure to file his petition for writ of habeas corpus within one year of the statutory tolling was due to first Rule 32 counsel's performance in not submitting [Petitioner's] ineffective assistance of counsel and prosecutorial misconduct issues attacking the constitutionality of detention." (Doc. No. 13, Reply at 15, 20.) Petitioner also asserts that at the time he filed his second petition for post-conviction relief, he was not aware of the status of the first post-conviction proceeding. (*Id*. at 17.) Similarly, Petitioner claims that, as to his third petition for post-conviction relief, he was pursuing his rights diligently, and his lack of knowledge that the state courts had reached a final resolution of his case can provide grounds for equitable tolling. (*Id*. at 18-19.) Petitioner asserts that his first appointed Rule 32 counsel "effectively abandoned" Petitioner and prevented him from filing his habeas petition on time by failing to inform him of ruling in his case. (*Id*. at 19.)

Petitioner also raises an argument that constitutional considerations require an actual innocence exception to the AEDPA's statute of limitations. (*Id*. at 21-22.) Neither the Supreme Court nor the Ninth Circuit, however, has held that a showing of actual innocence may excuse an untimely section 2254 habeas petition. *See Majoy v. Roe,* 296 F.3d 770, 776 (9th Cir. 2002) ("the question to be answered is whether surviving the rigors of this gateway has the consequence of overriding AEDPA's one-year statute of limitation, a legal question not yet decided by this Circuit or the Supreme Court."); *Perez v. Evans,* 2009 WL 2104853 at *16 (C.D. Cal. 2009); *Jones v. Marshall,* 2009 WL 2189892 (C.D. Cal. July 17, 2009). By analogy to the actual innocence exception in the procedural context, to support a claim of actual innocence a petitioner must "support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup v.*

*Delo*, 513 U.S. 298, 324 (1995). Applying this same standard in the context of timeliness, it is apparent from a review of the claims raised by Petitioner, including the allegations asserted in Petitioner's reply, that Petitioner has not offered any new evidence of actual innocence to support his argument. Thus, assuming that establishing "actual innocence" would warrant equitable tolling of the statue of limitations, this Court finds that Petitioner has failed to assert a sufficient factual predicate to demonstrate that he would be entitled to the benefit of this doctrine.

The Court does find Petitioner's arguments that his complete lack of communication with his first Rule 32 counsel impeded his efforts to timely file a habeas petition persuasive. It is clear from the record that counsel did not communicate with Petitioner prior to or after filing his first petition for post-conviction relief. Petitioner's claim that he was not notified of the disposition of his first state petition by Johnson is credible. The record further indicates that Petitioner acted diligently to pursue his post-conviction claims in state court by obtaining counsel and filing a second petition. Although ordinary attorney negligence will not justify equitable tolling, the Ninth Circuit recognizes sufficiently egregious attorney misconduct may constitute an 'extraordinary circumstance' warranting equitable tolling of AEDPA's statue of limitations. *Spitsyn v. Moore*, 345 F.3d 796, 800 (9th Cir. 2003)(*citing Ford v. Hubbard*, 330 F.1086, 1106 (9th Cir. 2003)); *see Fonseca v. Hall*, 486 F.Supp.2d 1119 (C.D. Cal. 2007)(egregious conduct demonstrated by retained counsel's failure to file habeas corpus petition on petitioner's behalf and dilegence demonstrated by petitioner and families conduct in attempting to ascertain attorney's progress sufficient to equitably toll the AEDPA's limitations period.). Furthermore, "a prisoner's lack of knowledge that the state courts have reached a final resolution of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009)(quoting *Woodward v. Williams*, 263 F.3d 1135, 1143 (10th Cir. 2001).

The Court concludes that counsel's conduct was sufficiently egregious to justify equitable tolling of the one-year limitation period under AEDPA. Additionally, counsel's conduct resulted in Petitioner's lack of knowledge that the trial court had denied his first Rule 32 petition. These extraordinary circumstances justify equitable tolling of some of the limitations period. Petitioner, however, has established no causal connection between the extraordinary circumstance, counsel's misconduct and his lack of knowledge of the disposition of his first Rule 32, and his failure to timely file a federal petition after his second state petition was denied. *See Bryant*, 499 F.3d at 1061 (Petitioner not entitled to equitable tolling if there is no connection between extraordinary circumstances and the untimeliness of habeas petition.) Even if Petitioner did not know about the disposition of his first state petition, Petitioner does not assert that he was unaware of the outcome of the second state petition, nor does he assert any plausible basis for finding equitable tolling of the limitations period once he was no longer in a position of reliance on his first Rule 32 counsel. Thus, equitable tolling of the limitations period beyond the conclusion of the second state petition is unwarranted. Petitioner's second petition concluded, and the limitations period began running again, on July 21, 2006, when the Arizona Supreme Court denied the petition for review. As discussed above, the untimely third petition did not toll the limitations period. Thus, the court finds that the federal petition, filed on April 4, 2008, is untimely.

## III. RECOMMENDATION

This Court recommends that the District Court, after its independent review of the record, DISMISS this action in its entirety as untimely.

Pursuant to 28 U.S.C. §636(b), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation. A party may respond to another party's objections within ten days after being served

with a copy thereof. Fed.R.Civ.P. 72(b). If objections are filed the parties should use the following case number: **CIV 08-686-PHX-ROS**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

DATED this 7th day of October, 2009.

_____
Bernardo P. Velasco
United States Magistrate Judge