IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Rosendo Rodriguez, Jr., | ) | No. CV-08-686-PHX-ROS |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| State of Arizona Attorney General, et al. | ) | |
| Respondents. | ) | |

On April 8, 2008, Petitioner Rosendo Rodriguez, Jr. filed a petition for writ of habeas corpus. (Doc. 1). Petitioner raised eighteen grounds for relief. The Court dismissed three grounds as not cognizable claims for relief. (Doc. 3). The matter was then referred to Magistrate Judge Bernardo P. Velasco for a Report and Recommendation ("R&R").

**PROCEDURAL HISTORY**

On October 7, 2009, Magistrate Judge Velasco issued the R&R. (Doc. 17). According to the R&R, the petition should be denied because it is untimely. Petitioner filed timely objections to the R&R. (Doc. 18). Petitioner later requested permission to submit additional documents in support of his claim. The Court granted that request. (Doc. 21). Petitioner also requested permission to "fil[e] a protective petition in federal court," and that he be allowed to return to state court to exhaust his remedies. (Doc. 22 at 2). That request was denied as Petitioner did not identify what portions of his claim were unexhausted.

**FACTUAL BACKGROUND**

The facts relevant to the timeliness inquiry are undisputed. On April 28, 2000 Petitioner was sentenced to 78 years' imprisonment. Petitioner filed a direct appeal. The Arizona Court of Appeals affirmed Petitioner's conviction on May 10, 2001. Petitioner filed a petition for review with the Arizona Supreme Court. The petition was denied on November 21, 2001. The mandate issued on December 12, 2001. On January 18, 2002, Petitioner filed a notice of post-conviction relief. Attorney Stephen Johnson was appointed to represent Petitioner in the post-conviction proceeding. Mr. Johnson did not communicate with Petitioner and the petition eventually filed by Mr. Johnson contained little argument and merely attempted to incorporate previous filings. On January 31, 2003, the trial court dismissed the post-conviction petition, finding that the arguments raised in the petition were precluded because Petitioner had not raised them in his direct appeal. Mr. Johnson was later suspended from the practice of law based on his handling of Petitioner's case.

On October 18, 2004, Petitioner filed a second petition for post-conviction relief. This petition claimed, among other things, ineffective assistance of counsel. On April 6, 2005, the trial court dismissed the petition. In its dismissal order, the trial court ruled Petitioner's failure to raise his ineffective assistance of counsel claims in his first petition precluded him from raising them in his second petition. Petitioner sought review by the Arizona Court of Appeals and the Arizona Supreme Court. The Arizona Supreme Court denied review on July 20, 2006.

Petitioner filed a third notice of post-conviction relief on October 12, 2006. The trial court dismissed the notice as untimely. Petitioner sought reconsideration which the trial court denied on April 4, 2007. Petitioner then filed a petition for review on May 30, 2007. On June 6, 2007, the Arizona Court of Appeals denied the petition as untimely. On April 8, 2008, Petitioner filed his petition for writ of habeas corpus. (Doc. 1).

**ANALYSIS**

This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Pursuant to AEDPA, Petitioner had to file his application for a writ of habeas corpus within one year from the date on which his conviction became final. 28 U.S.C. § 2244(d)(1). This one-year period is subject to "statutory tolling" and "equitable tolling." "Statutory tolling" occurs during any period when "a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "Equitable tolling" occurs when a litigant is able to establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" of filing a timely petition. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The "threshold necessary to trigger equitable tolling [under AEDPA] is very high." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). The Magistrate Judge determined that neither statutory nor equitable tolling rendered this petition timely. The Magistrate Judge was correct.

Petitioner's direct appeal was still pending when he filed his first notice of post-conviction relief.[1] Thus, the one-year statute of limitations could not begin running until that first post-conviction petition concluded. The first petition was denied on January 31, 2003. Petitioner claims he was unaware of this denial and that he filed his second notice of post-conviction relief without knowing the outcome of his first notice. The second notice was denied and that denial became final on July 20, 2006. Petitioner's third notice of post-conviction relief was filed shortly thereafter. That third notice, however, was dismissed as untimely. Thus, it has no impact on the timeliness inquiry. *See Pace*, 544 U.S. at 417 (holding untimely state filing does not implicate statutory tolling).

---

[1] The Arizona Supreme Court denied Petitioner's direct appeal on November 21, 2001 but the conviction did not become final until the expiration of the time to seek review by the United States Supreme Court. *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001). Thus, Petitioner's first petition for post-conviction relief filed on January 18, 2002 was filed before AEDPA's one-year limitations period began to run.

Petitioner filed his federal petition twenty-two months after his second state post-conviction relief request was denied. Even assuming statutory tolling applied up through the denial of the second state post-conviction relief request, this petition would still be untimely. Thus, Petitioner must establish some form of equitable tolling to prevent this suit from being untimely. Petitioner argues he is entitled to equitable tolling based on the performance of his counsel in connection with his first state post-conviction relief request. But even if the Court were to agree that the performance of that counsel merited equitable tolling, the petition remains untimely. Petitioner has not presented any "extraordinary circumstances beyond [his] control" which made it "impossible" for him to file this suit within one year after denial of his *second* state petition. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). Petitioner's claim that he was unaware of the disposition of his first post-conviction relief petition does not help him given that this suit is untimely even if the one-year period began from the disposition of his second post-conviction relief petition. Finally, equitable tolling based on "actual innocence" is not appropriate.[2] To invoke such tolling, a petitioner must show that, in light of new evidence supporting his innocence, "'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *Jones v. Marshall*, 2009 WL 2189892, at *10 (C.D. Cal. 2009) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). Petitioner presents a lengthy recital of alleged flaws in his initial trial. (Doc. 26-1). But the issues identified by Petitioner are not "new reliable evidence" such as "exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence." *Schlup*, 513 U.S. at 324. Instead, many of the issues involve Petitioner's critique of his original counsel's trial strategy and conduct. *See, e.g.*, Doc. 26-1 at 10 (claiming trial counsel was "constitutionally deficient" because he did not use "the available video recordation of the crime scene"). Petitioner has not presented sufficient new evidence to seek relief from the time-bar based on "actual innocence."

---

[2] The Court assumes this type of equitable tolling is available in some cases, an issue not yet resolved by the Ninth Circuit.

Accordingly,

**IT IS ORDERED** the Report and Recommendation (Doc. 17) is **ADOPTED**. The petition for writ of habeas corpus is **DENIED**.

**IT IS FURTHER ORDERED** a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**. The dismissal is justified by a plain procedural bar, and jurists of reason would not find the procedural ruling debatable.

DATED this 11th day of February, 2010.

_____
Roslyn O. Silver
United States District Judge